Anna Correira Martins<br>vs. } Div. No. 2834.<br>Manuel Correira Martins

March 12, 1930.

FROST, J. Heard on petitioner's motion to charge allowance on real estate and for appointment of receiver.

Petitioner states under oath that a decree was heretofore entered whereby the respondent herein was ordered to pay to petitioner $8 per week for the support of herself and minor children; that respondent is in arrears in payments to the extent of $120; that respondent for more than a year has been absent from the State and is now in parts unknown to the petitioner; that the respondent is the owner of improved real estate in the town of Portsmouth in said State; and that said property is now unoccupied. Petitioner asks that the allowance of $8 per week be made a charge against the said real estate and a lien upon the said premises, and that a receiver be appointed to take possession of the property, rent the same and apply the income to the payment of allowance due or to become due under said decree.

The petition for divorce has not yet been heard on its merits. The allowance is therefore temporary in its nature.

The question presented is: may temporary alimony or allowance, as it is frequently termed, be made a charge upon the estate of the respondent or a specific portion thereof?

In the judgment of the Court this may not be done. If there be such right, it must come from the statutes of our State since jurisdiction in divorce is purely statutory.

*Sammis* vs. *Medbury*, 14 R. I. 214 at 216.

Section 5 of Chapter 291 of the General Laws of Rhode Island, 1923, provides for the charging of alimony upon the estate of the husband or some specific portion thereof, but the alimony referred to here is very evidently alimony proper or alimony which is given upon the granting of a divorce or thereafter.

The statutory basis for temporary alimony or allowance as given in the present case is found in Section 14 of said Chapter, which provides that the Court "may in its discretion make such allowance to the wife, out of the estate of the husband, for the purpose of enabling her to prosecute or defend against any such petition for divorce or separate maintenance, in case she has no property of her own available for such purpose, as it may think reasonable and proper;" (*Grattage* vs. *Superior Court*, 42 R. I. 546 at 548.) The section then provides a remedy for the collection of such allowance and specifies that an execution shall run against the goods and chattels of the husband and for want thereof against his body. The execution does not run against the husband's real estate nor does the section provide that such allowance shall be chargeable upon the estate of the husband as in the case of alimony proper as provided in said Section 5.

The Court thinks that it is clear that while the legislature might have made an allowance a charge upon specific estate of the husband, it in fact has not done so but has simply given a wife the right to sue on such allowance or to have execution issued thereon, which execution shall issue against goods or chattels and in want thereof against the body.

The motion must be denied.

William MacLeod, attorney for petitioner.

Robert M. Franklin, attorney for respondent.